IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TRAVIS HINKLE,

           Plaintiff,

v.                                                   CIVIL ACTION NO. 2:15-cv-12719

WEST VIRGINIA REGIONAL JAIL AND
CORRECTIONAL FACILITY AUTHORITY et al.,

           Defendants.

MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss [ECF No. 59] filed on behalf of the John Doe defendants.[1] Because the time for the plaintiff to respond to the Motion has passed and the plaintiff has not responded, the Motion is ripe for adjudication. The Motion is **GRANTED**, and the John Doe defendants are **DISMISSED**.

I.

On July 23, 2015, the plaintiff, Travis Hinkle, filed a Complaint [ECF No. 1-1] in the Circuit Court of Kanawha County, West Virginia. In his Complaint, the plaintiff asserts ten causes of action stemming from a May 2014 "raid or training session" at Southern Regional Jail, where he was incarcerated. Compl. ¶ 11. The

---

[1] The Complaint [ECF No. 1-1] and the Amended Complaint [ECF No. 29] refer to the John Doe defendants as "Joe Doe Correctional Officers / Special Response Team Members." Compl. ¶ 4; *accord* Am. Compl. ¶ 4.

plaintiff named several defendants in his Complaint, including institutional and individual defendants and, relevant here, the John Doe defendants.

On August 26, 2015, Tim Kemper, one of the defendants, removed this case to the United States District Court for the Southern District of West Virginia. Notice of Removal [ECF No. 1]. Since removal, the plaintiff filed an Amended Complaint [ECF No. 29], which like the Complaint, names the John Doe defendants as defendants. Am. Compl. ¶ 4.

On June 24, 2016, counsel filed a Motion to Dismiss on behalf of the John Doe defendants.

## II.

Before December 2015, a defendant had to be served within 120 days[2] of the filing of a complaint or, in removed cases in which one or more defendants have yet to be served, of removal. Fed. R. Civ. P. 4(m) (2014). A court may extend the time for service, and if the plaintiff shows good cause, it must extend the time for service. Fed. R. Civ. P. 4(m) (2014). If no extension is sought or granted, a defendant who is not served within 120 days must be dismissed without prejudice. *Id.* So if an unnamed defendant remains unserved 120 days after a complaint is filed, the unnamed defendant must be dismissed. *E.g.*, *Price v. Marsh*, No. 2:12-cv-5442, 2013 WL 5409811, at *5–6 (S.D. W. Va. Sept. 25, 2013).

This case was removed to federal court on August 26, 2015. Since then, more than 300 days have passed. Yet the John Doe defendants remain unnamed and

---

[2] Service must be effected within ninety days under the current rule.

unserved. At no point did the plaintiff ask the court to extend the time period in which these defendants had to be served. Rule 4 is clear, and under these circumstances, the court is compelled to dismiss the John Doe defendants without prejudice.

### III.

The Motion to Dismiss [ECF No. 59] is **GRANTED**, and the John Doe defendants are **DISMISSED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   July 13, 2016

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE